IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00773-PAB

7800 W JEWELL LLC,

    Plaintiff,

v.

TRUCK INSURANCE EXCHANGE,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the complaint [Docket No. 1] filed by plaintiff 7800 W Jewell LLC. Plaintiff claims that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 5. On April 16, 2018, the Court ordered plaintiff to show cause why this case should not be dismissed based on plaintiff's failure to plead the citizenship of its members. Docket No. 5 at 3. The Court has determined that the complaint is also deficient with respect to defendant Truck Insurance Exchange's citizenship.

Plaintiff alleges that defendant is a "mutual insurance company organized and existing under the laws of the state of California with its principal place of business in the state of California." Docket No. 1 at 1, ¶ 4. While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185,

196 (1990),[1] these considerations are irrelevant to the determination of the citizenship of an unincorporated association. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Federal courts considering defendant's form of organization for diversity jurisdiction purposes have "specifically found it to be an unincorporated association." *Truck Ins. Exch. v. The Manitowoc Co.*, 2010 WL 4961618, at *2 (D. Ariz. Dec. 1, 2010) (collecting cases). Plaintiff does not allege the membership of defendant or the citizenship of those members. *See* Docket No. 1 at 1-2. Accordingly, the complaint does not provide sufficient factual allegations for the Court to determine defendant's citizenship and whether the Court has subject matter jurisdiction.

For the foregoing reasons, it is **ORDERED** that plaintiff's response to the April 16, 2018 order to show cause shall also address the citizenship of defendant Truck Insurance Exchange.

DATED April 20, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).